IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VIANET GROUP PLC, f/k/a BRULINES GROUP PLC and VIANET AMERICAS, INC.,** | § § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Case No. _____ |
| **TAP ACQUISITION, INC., and EVAN KOSLOW, as Trustee of the Koslow Charitable Remainder Trust,** | § § § § § | **Jury Demanded** |
| **Defendants.** | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COME NOW Plaintiffs Vianet Group plc, f/k/a Brulines Group plc, and Vianet Americas, Inc. (collectively, "Vianet"), complaining of the actions of Tap Acquisition, Inc. ("TAP"), a nominal party, and Evan Koslow, as Trustee of the Koslow Charitable Remainder Trust, the assignee of any claims by TAP against Vianet, and would respectfully show this Court as follows:

### I.     INTRODUCTION

This lawsuit stems from TAP's disregard of contractual duties it owes to Vianet pursuant to a confidentiality agreement (the "Agreement") entered into between the parties in January of 2012. That Agreement imposes a simple, yet mandatory obligation on TAP and Vianet: disputes not involving securities laws that arise under the Agreement must be filed in the United States District Courts in the State of Texas.

Nevertheless, Vianet just learned that TAP filed a lawsuit in Texas state court (the "State Court Action") alleging that Vianet breached the Confidentiality Agreement and misappropriated TAP's confidential information in violation of that Agreement. Though utterly without substantive merit, TAP's filing of the State Court Action on August 26, 2014 unmistakably constitutes a breach of the Confidentiality Agreement. This Court is the only proper venue for non-securities disputes between the Parties.

## II.   PARTIES

1. Plaintiff Vianet Group plc, f/k/a Brulines Group plc, is a corporate entity organized and existing under the laws of the United Kingdom, with its principal place of business in the United Kingdom.

2. Plaintiff Vianet Americas, Inc. is a subsidiary of Vianet Group formed as a Delaware Corporation with no separate office in any other state.

3. Defendant Tap Acquisition, Inc. ("TAP") is a nominal party. TAP is a defunct Texas corporation with its former principal place of business in Dallas County, Texas. TAP is being liquidated in bankruptcy. The Koslow Charitable Remainder Trust (the "Trust") has purported to purchase TAP's litigation rights from the bankruptcy trustee, and the Trust is the purported assignee of such rights.

4. Defendant Evan Koslow is the Trustee of the Trust, which is the purported assignee of TAP and the real party in interest to this action. He is a resident of Texas and may be served with process at 6063 Willow Wood, Dallas, Texas, 75252, or wherever he may be found.

## III.   JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is appropriate in this Court under both 28 U.S.C. § 1391 and pursuant to Section 17 of the Agreement, whereby TAP submitted to the exclusive jurisdiction of the United States District Courts in Texas for the adjudication of non-securities laws disputes arising under the Confidentiality Agreement.

## IV.    FACTS

*Vianet and TAP Enter Into a Confidentiality Agreement in 2012.*

7.      In late 2011, Vianet and TAP commenced business discussions. Pursuant to those discussions, the parties entered into the Confidentiality Agreement on January 9, 2012. Those discussions were subsequently abandoned in the spring when it became apparent that Kolsow solely had interest in selling TAP to Vianet. Vianet, however, had never indicated any interest in purchasing TAP and had no interest in purchasing TAP.

8.      Relevant here, the Confidentiality Agreement provides in no uncertain terms that disputes or claims arising thereunder, not involving securities laws, must be filed in the federal courts of the State of Texas. Specifically, Paragraph 17.2 of the Confidentiality Agreement states: "Jurisdiction with respect to securities law issues shall be in courts of England and otherwise, jurisdiction with regard to any other dispute shall be United States District Courts in the State of Texas."

9.      TAP freely agreed to this obligation when it signed the Confidentiality Agreement. Paragraph 17.2 is the final paragraph of the Confidentiality Agreement, resting just above the parties' signatures.

*Koslow Puts TAP and Other Failed Ventures in Bankruptcy.*

10.     While at one time Koslow was a successful businessman, his ventures now lie in ruins.

11. It started with Koslow's "greed"—to use the words of the Delaware Chancellor in the litigation between Koslow and his brother.[1] Koslow's own brother successfully sued him and had him removed as general partner and convinced the Court that Koslow's bad acts justified the appointment of a receiver to liquidate their company. (Though the brother passed away during the litigation, Koslow pressed on to trial with his effort to squeeze out his brother's widow and children.)

12. After the court-ordered sale of the Koslow Brothers' company, KX Industries, Koslow set up the Koslow Technologies Corporation Charitable Remainder Trust (the "Trust") to avoid paying taxes on the sale proceeds. Upon information and belief, no charity has ever received any money from the Trust.

13. Koslow used the Trust to purchase several businesses and make investments. These investments included the acquisition of TAP.

14. After unsuccessfully operating TAP, in October 2012, Koslow put TAP, as well as at least one of his other failed ventures, into bankruptcy.

15. In addition to his bankruptcy filings, Koslow has embroiled himself in litigation. He has brought or is the subject of numerous lawsuits by former employees, attorneys, business partners, etc.

16. Now Koslow has gone into the business of buying litigation from bankruptcy trustees. Koslow, as the sole Trustee, caused the Trust to purchase the rights to the State Court Action from the bankruptcy estate. A purported assignment of "litigation rights" has been executed from TAP's bankruptcy trustee, as assignor, to the Trust as the assignee.

---

[1] *McGovern v. General Holding, Inc.*, No. 1296-N, 2006 WL 4782341 (Del. Ch. June 2, 2006).

17. With these purchased "litigation rights," Koslow is lashing out with a series of desperate and feeble allegations against anyone that might have money in an effort to blame his business failures on others.

*The Latest Desperate Koslow Lawsuit Against Vianet.*

18. Koslow's Trust now asserts, based on its assignment of "litigation rights" from TAP, claims against Vianet for breaching the Agreement and misappropriating TAP's trade secrets in violation of the Agreement in the State Court Action.

19. While purchased from the bankruptcy trustee, Koslow and the Trust are still bound by the terms of the Confidentiality Agreement. And Paragraph 17.2 of that Agreement requires that any action be filed in this court (or another United States District Court in Texas).

20. The State Court Action should never have been filed, not only because the suit is both legally and factually baseless, but because its very existence contravenes Paragraph 17.2. In doing so, TAP has breached the Agreement and is therefore liable to Vianet for its ensuing damages.

## V. CLAIMS

### First Cause of Action: Breach of Contract

21. Plaintiffs re-allege and incorporate by reference all of the paragraphs above and below.

22. Plaintiffs and Defendants are parties to the Confidentiality Agreement, either directly as encompassed within the definition of the parties or by assignment. The Agreement is binding and enforceable.

23. Plaintiffs have honored any of their obligations under the Agreement.

24. Defendants have breached the Agreement.

25. Defendants' breach has caused Plaintiffs to suffer damages.

### Second Cause of Action:  Attorneys' Fees

26. Plaintiffs re-allege and incorporate by reference all of the paragraphs above and below.

27. Plaintiffs seek recovery of their reasonable and necessary attorneys' fees, costs, and expenses through trial and all appeals pursuant to Texas Civil Practice and Remedies Code § 38.001(8) and the Agreement.

### VI.     JURY DEMAND

28. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 38(b), Plaintiffs hereby demand that this case be tried by a jury.

### VII.    PRAYER

WHEREFORE, Plaintiffs Vianet Group plc, f/k/a Brulines Group plc, and Vianet Americas, Inc. demand judgment against Defendants Evan Koslow, as Trustee of the Koslow Charitable Remainder Trust; the Trust, as assignee of the "litigation rights of Tap Acquisition, Inc.; and Tap Acquisition, Inc., with respect to the "litigation rights" asserted as follows: (1) awarding actual, compensatory, and consequential damages, taxable court costs, attorneys' fees, pre-judgment interest, and post-judgment interest; and (2) granting any further relief to which Plaintiffs may show themselves entitled to receive.

Date:  October 6, 2014

                                      Respectfully submitted,

*/s/ Edward Jason Dennis*
Edward Jason Dennis (jdennis@lynnllp.com)
Texas Bar No. 24045776
Jared D. Eisenberg (jeisenberg@lynnllp.com)
New York Bar No. 4934824
**LYNN TILLOTSON PINKER & COX, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas  75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

4816-7472-9759, v.  1